998 F.2d 1008
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank M. GASTER, Petitioner-Appellant,
v.
P. Douglas TAYLOR; The Attorney General of South Carolina,
Respondents-Appellees.
 No. 92-6008.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 15, 1993.
Decided: July 2, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Henry M. Herlong, Jr., District Judge. (CA-91-598-3-20-J)
 John V. Esposito, Esposito & Esposito, Hilton Head Island, South Carolina, for Appellant.
 Donald John Zelenka, Chief Deputy Attorney General, Columbia, South Carolina, for Appellees.
 D.S.C.
 DISMISSED.
 Before HALL and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Frank M. Gaster seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. § 2254 (1988). Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We find Gaster's argument of the invalidity of the statute under which he was convicted does not merit issuance of a certificate of probable cause because the statute does not conflict with the relevant provision of the state constitution. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (stating standards for granting certificates of probable cause). In addition, we reject his claim that his waiver of trial counsel was not knowing and intelligent. See United States v. Gallop, 838 F.2d 105, 109-10 (4th Cir.), cert. denied, 487 U.S. 1211 (1988). We reviewed the other claims Gaster made to this Court pro se and find that they also do not merit issuance of a certificate of probable cause to appeal.
 
 
 2
 We deny Gaster's motion for appointment of counsel as moot because he is now represented by counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED